IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CLAUDIA HARBOURT, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 14-cv-03211-CCB |
| PPE CASINO RESORTS MARYLAND, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS
FOR CONDITIONAL CERTIFICATION AND TO FACILITATE
IDENTIFICATION AND NOTICE TO SIMILARLY-SITUATED
EMPLOYEES, FOR EQUITABLE TOLLING OF THE
STATUTE OF LIMITATIONS AND FOR CLASS CERTIFICATION**

Defendant PPE Casino Resorts Maryland, LLC hereby responds in opposition to Plaintiffs Claudia Harbourt, Philip Kroll, Melvin Lorden, Michael Lukoski, Ursula Pocknett, Charles Parker, Nathan Reid, Tyrese Rice, Harvey Robinson and William Sanders' ("Plaintiffs") Motions for Conditional Certification and to Facilitate Identification and Notice to Similarly-Situated Employees (Docket No. 25), for Equitable Tolling of the Statute of Limitations (Docket No. 26), and for Class Certification (Docket No. 27).

### I. INTRODUCTION

On November 6, 2012, Maryland voters elected to legalize table games in Maryland casinos. Defendant, the owner and operator of Maryland Live! casino in Hanover, Maryland (the "Casino"), offered a free 12-week "dealer's school" at Marley Station Mall from January 7 to April 1, 2013. Plaintiffs attended Defendant's dealer's school, although not all of

the Plaintiffs completed the 12-week school or worked as dealers at the Casino once it was authorized to operate table games on April 11, 2013.  See Exhibit 1 to Plaintiffs' Memorandum in support of their Motion for Conditional Certification ("Pls. Mem. Cond. Cert.") at ¶ 22 (asserting that 30% of dealer's school attendees dropped out after 6 weeks).

Plaintiffs, on behalf of themselves and others who attended *any portion* of Defendant's dealer's school, seek wages for the time they attended the dealer's school under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 et seq. ("MWPCL").  See Pls. Mem. Cond. Cert. at 1; Plaintiffs' Memorandum in support of their Motion for Class Certification ("Pls. Mem. Class Cert.") at 1.  In their instant motions, Plaintiffs request that the Court conditionally certify as a collective/class action their claims under these statutes.  Plaintiffs also request that the statute of limitations for their FLSA claim – which expired several months ago – be retroactively revived and then "equitably tolled" for the putative class.

As set forth below, Plaintiffs are not entitled to have the long-expired statute of limitations on their FLSA claim revived and then equitably tolled for the putative class. Plaintiffs have not identified any extraordinary circumstances which would justify the imposition of such a remedy, nor have courts permitted tolling in cases where a putative opt-in plaintiff never initiated his or her action against a defendant before the expiration of the limitations period.  Moreover, because the FLSA claims of the putative class are completely time-barred, the Court should deny Plaintiffs' Motion for Conditional Certification and to Facilitate Identification and Notice to Similarly-Situated Employees.  With respect to Plaintiffs' motion for provisional

2

b

certification of the Maryland state law wage and hour law claims under Rule 23, Fed. R. Civ. P., Defendant does not oppose provisional certification at this time, but the class should be limited to those who *finished* the dealer's school, *accepted* a position at the Casino, and actually *worked* as table game dealers.  As a matter of law, those who never completed the dealer's school, accepted a job, and worked at the Casino conferred no benefit upon Defendant.[1/]

## II.  PROCEDURAL HISTORY

Plaintiffs Harbourt, Lukoski and Pocknett filed this action on October 14, 2014. On November 11, 2014, Defendant moved to dismiss Plaintiffs' lawsuit pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Defendant argued that Plaintiffs' complaint should be dismissed because (i) Plaintiffs failed to allege that they performed any work during the dealer's school, and (ii) Plaintiffs did not sufficiently allege that Defendant was the primary beneficiary of Plaintiffs' unspecified labor.  The Court granted Defendant's motion on April 21, 2015 and dismissed Plaintiffs' amended complaint.  Plaintiffs appealed the dismissal to the United States Court of Appeals for the Fourth Circuit on May 19, 2015.

During the pendency of Plaintiffs' appeal, on February 5, 2016, Philip Kroll, Melvin Lorden, Charles Parker, Nathan Reid, Tyrese Rice, Harvey Robinson and William Sanders filed a complaint against Defendant based on claims identical to those of Plaintiffs Harbourt, Lukoski and Pocknett.  See Kroll, et al. v. PPE Casino Resorts Md., LLC, Civ. A. No. 16-cv-00339-CCB (hereinafter "Kroll").  Plaintiffs assert that "[t]he purpose of the Kroll filing

---

[1/]  Although Defendant does not oppose provisional certification of the class under Rule 23 with the limitation on class membership discussed herein, Defendant reserves the right to move for decertification and/or summary judgment at a later date based on discovery and other developments.

3

was to preserve the Statute of Limitations in the event that Plaintiffs were successful on appeal." See Plaintiffs' Consent Motion to Consolidate (Docket No. 22) at ¶ 1. Plaintiffs did not request that the statute of limitations for their FLSA claims be tolled at that time.

On April 25, 2016, the Fourth Circuit issued an order reversing the dismissal of Plaintiffs' complaint and remanding the action for further proceedings. Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655 (4th Cir. 2016). Defendant filed a Petition for Panel Rehearing and Rehearing En Banc on May 9, 2016. On June 2, 2016, the Fourth Circuit denied Defendant's Petition for Rehearing. The Fourth Circuit issued its mandate on June 10, 2016. On June 22, 2016, Plaintiffs moved to consolidate the Harbourt action with the Kroll case, which Defendant did not oppose. The Court consolidated the cases on June 22, 2016. Plaintiffs filed the instant Motions on June 24, 2016.

## III.  ARGUMENT

### A.  Plaintiffs Cannot Invoke Equitable Tolling To Revive and Extend The Expired FLSA Limitations Period.

In their Motion for Equitable Tolling of the Statute of Limitations (Docket No. 26), Plaintiffs ask the Court to revive and toll the expired statute of limitations for the FLSA claims of any putative class members who have not filed consents to join this case.

Equitable tolling of a limitations period is reserved for "those rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); see also id. ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

Consequently, "[t]he circumstances under which equitable tolling has been permitted are . . . quite narrow." Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Indeed, equitable tolling is permitted only "in situations where the claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. (citations omitted). "Equitable tolling is not appropriate, however, 'where the claimant failed to exercise due diligence in preserving his legal rights.'" Id. (citation omitted). Additionally, in the FLSA context, "equitable tolling for unspecified potential plaintiffs should not be permitted without extraordinary justification." LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2012 WL 4739534, at *7 (E.D. Va. Oct. 2, 2012) (citing Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 689 n.9 (D. Md. 2010)) (other citation omitted).

Plaintiffs assert that they should be entitled to the rare remedy of equitable tolling because it has taken more than two years to resolve Defendant's motion to dismiss and Plaintiffs' appeal. See Plaintiffs' Memorandum in Support of their Motion for Equitable Tolling ("Pls. Mem. Equitable Tolling") at 6. Plaintiffs also posit that it would have been "impossible for putative class members to have joined this matter at any time before" the Fourth Circuit issued its mandate. Id. Plaintiffs are mistaken.

Initially, Plaintiffs' assertion it was "impossible" for putative class members to assert their wage claims against Defendant prior to the Fourth Circuit's mandate is undermined by the fact that, well before the statute of limitations expired, on February 5, 2016, seven Plaintiffs filed the Kroll complaint for the express purpose of preserving their claims. See Plaintiffs' Consent Motion to Consolidate (ECF No. 22) at ¶ 1. Thus, it was possible for putative

5

plaintiffs to assert their claims against Defendant before they completely extinguished or for Plaintiffs to request tolling on behalf of absent putative class members.  This point alone warrants the denial of Plaintiffs' Motion for Equitable Tolling.  See Faust v. Comcast Comm'cns Mgmt., LLC, Civ. A. No. WMN-10-2336, 2013 WL 1395933, at *4 (D. Md. Apr. 3, 2013) (declining to toll statute of limitations for putative plaintiff because he "was not prevented from . . . filing his own lawsuit" during the "lapse of time between filing the motion for conditional certification and the Court's ruling . . . ."); Vaughn v. Oak Street Mortg., LLC, No. 505CV311OC10GRJ, 2006 WL 890071, at *2 (M.D. Fla. Apr. 3, 2006) (the fact that some plaintiffs were able to join in suit during pendency of motion "underscore[d]" the lack of "justification for the Court to utilize the extraordinary remedy of equitable tolling."); see also Gessele v. Jack in the Box, Inc., 6 F. Supp. 3d 1141, 1163 (D. Or. 2014) (rejecting plaintiffs' argument that their FLSA claims should be tolled because they were "faultless" where they were represented by counsel).

    Additionally, courts have declined to revive and extend the limitations period in cases where, as here, the putative plaintiffs neglected to pursue their FLSA claims until *after* the expiration of the statute of limitations.  See In re Tyson Foods, Inc., No. 4:07-MD-1854, 2008 WL 4613654, at * 3-4 (M.D. Ga. Oct. 15, 2008) (denying motion for equitable tolling of expired statute of limitations where "[e]ach potential claimant had the opportunity to file an individual action to vindicate his or her legal rights under the FLSA."); Switzer v. Wachovia Corp., Civ. A. No. H-11-1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012) (denying plaintiffs' motion for to equitably toll the limitations period for potential opt-in plaintiffs after the limitations period had expired).

Furthermore, even if Plaintiffs had sought to toll the statute for putative plaintiffs prior to the expiration of the statute of limitations (which they did not), Plaintiffs do not have the authority to move for equitable tolling on behalf of unspecified potential plaintiffs because Plaintiffs represent only themselves with respect to their FLSA claims. See Atkinson v. TeleTech Holdings Inc., No. 3:14-cv-253, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015) ("In contrast to a class action brought under [Rule 23, Fed. R. Civ. P.], the named plaintiffs in an FLSA collective action do not represent anyone other than themselves" and "have no authority to move to equitably toll the claims of the potential opt-in plaintiffs.") (citation omitted); Leigh v. Bottling Grp., LLC, Civ. A. No. DKC 10-0218, 2012 WL 460468, at *6 (D. Md. Feb. 10, 2012) ("[T]he collective action provision of the FLSA 'is a fundamentally different creature than the Rule 23 class action. Even if the FLSA plaintiff can demonstrate there are other plaintiffs "similarly situated" to him, . . . he has no right to represent them.'") (quoting Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003)) (textual alterations omitted).

Moreover, courts have routinely rejected Plaintiffs' argument that ordinary delays caused by the normal litigation process, including the filing of a motion to dismiss, constitute an extraordinary circumstance which would warrant equitable tolling. See LaFleur, 2012 WL 4739534, at *7 (denying plaintiffs' motion for equitable tolling based on delays caused by defendant's motion to dismiss); Garrison v. ConAgra Foods Packaged Food, LLC, No. 4:12-cv-00737-SWW, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) ("[I]n the average FLSA case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate.") (quoting Titchenell v. Apria Healthcare, Inc., Civ. A. No. 11-563,

7

2012 WL 3731341, at *7 (E.D. Pa. Aug. 29, 2012)); Vaughn, 2006 WL 890071, at *2 ("Standing alone, ordinary delays in the judicial system are routine and not considered extraordinary.").[2/]

Further, as set forth below, the Casino does not oppose Plaintiffs' motion to provisionally certify as a class action their state law wage and hour claims under Rule 23, Fed. R. Civ. P.  As a result, Plaintiffs' suggestion that, in the absence of tolling, class members who have not opted into their FLSA case have no potential remedy is flat wrong.

In short, Plaintiffs have not identified any *extraordinary* circumstances which would entitle them to revive and then toll the FLSA limitations period for putative plaintiffs. Nor do Plaintiffs contend that Defendant has engaged in any improper conduct which would justify tolling in this case.  As a result, Plaintiffs' Motion for Equitable Tolling should be denied.

### B. Plaintiffs' Motion For Conditional Certification Under The FLSA Should Be Denied Because The Statute of Limitations Has Expired.

In their Motion for Conditional Certification (Docket No. 25), Plaintiffs ask the Court to conditionally certify their FLSA claims and to assist them in the identification of and notification to similarly-situated employees.  The statute of limitations for suits brought under the FLSA is two years after the cause of action accrues, but may be extended to three years if the

---

[2/] Plaintiffs' reliance on Stransky v. HealthONE of Denver, Inc., 868 F. Supp. 2d 1178 (D. Colo. 2012) is misplaced.  In Stransky, the court cited to one case from the United States District Court for the District of Kansas in which the court had found that the "unique circumstances" of a FLSA collective action can justify tolling.  Stransky, 868 F. Supp. 2d at 1181.  However, Stransky is not binding on this Court and collides with precedent from the Fourth Circuit in which courts have squarely rejected the proposition that "the FLSA's statute of limitations itself is an extraordinary circumstance."  LaFleur, 2012 WL 4739534 at * 6; see also MacGregor v. Farmers Ins. Exchange, Civ. No. 2:10-CV-03088, 2011 WL 2731227, at * 1 (D.S.C. July 13, 2011) ("The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations.").

plaintiff proves a willful violation.  See Andrade v. Aerotek, Inc., Civ. A. No. CCB-08-2668, 2009 WL 2757099, at *5 n.14 (D. Md. Aug. 26, 2009) (citing 29 U.S.C. § 255(a)).  Additionally, the statute of limitations in an FLSA collective action runs for each plaintiff until he or she files a written consent with the court electing to join in the lawsuit, not when the named plaintiff files the complaint.  See 29 U.S.C. § 256(b); Lee v. Vance Exec. Prot., Inc., 7 Fed. Appx. 160, 166-67 (4th Cir. 2001).

Defendant's dealer's school ran from January 7 to April 1, 2013 such that the FLSA claims of any potential class members expired (at the very latest) on April 1, 2016.  As set forth supra, the equitable tolling of the putative class members' FLSA claims is not warranted in this case.  Consequently, their FLSA claims are not actionable because they are time-barred, and the Court should deny Plaintiffs' Motion for Conditional Certification.

### C. The Proposed Class For State Law Claims Should Be Limited To Those Individuals Who Completed The Dealer's School And Were Hired By The Casino.

Plaintiffs also request Rule 23 class certification of their wage claims under the MWHL and MWPCL "on behalf of themselves and all putative class members who perform or performed work for Defendant."  Pls. Mem. Class Cert. at 1.  Plaintiffs contend that the putative class should be comprised of Plaintiffs and ***all*** other persons who attended in the dealer's school, without regard to whether those individuals actually worked at the Casino or even completed the full twelve weeks of the school.  Pls. Mem. Class Cert. at 6.  However, even under Plaintiffs' theory of liability in this case, the class they propose is far too expansive:  individuals who never completed the dealer's school and did not work as table games dealers at the Casino should not be class members.

As the Fourth Circuit explained in its April 25, 2016 decision, the question of whether training constitutes "work" in this case hinges on "whether it primarily constituted a benefit to the employer or the trainee." Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655, 660 (4th Cir. 2016). Plaintiffs have repeatedly asserted that Defendant was the primary beneficiary of Plaintiffs' activities during the school because its "sole purpose . . . was to *hire* the exact number of dealers needed to fill the vacant table game positions at Maryland Live!" when the Casino began to operate table games in April 2013. See Pls. Mem. Class Cert. at 2 (emphasis added); see also Am. Compl. at ¶¶ 16, 21. In this regard, the Fourth Circuit found that Plaintiffs had sufficiently alleged that that Defendant was the primary beneficiary of the dealer's school by asserting that Defendant "received a very large and immediate benefit – an entire workforce of over 800 dealers trained to operate table games to the Casino's specifications at the very moment table games became legal." Harbourt, 820 F.3d at 660.

Thus, under Plaintiffs' reasoning that Defendant was the primary beneficiary of the dealer's school because it allowed Defendant to hire the exact number of dealers need to operate table games in April 2013, it is axiomatic that those individuals who neither completed the dealer's school nor worked as dealers at Maryland Live! never conferred this supposed benefit upon Defendant. Moreover, because Defendant could not have benefitted (primarily or otherwise) from the training of attendees who never finished the dealer's school and worked at the Casino, such individuals cannot be found to have performed compensable "work," as described by the Fourth Circuit.

Plaintiffs contend that the proposed class should be defined as those persons "who perform or performed work for Defendant." See Pls. Mem. Class Cert. at 1. The Court should

10

therefore limit the proposed class to those individuals who, as a matter of law, could have worked for Defendant – i.e., those persons who (1) completed the dealer's school held at Marley Station Mall from January 7 to April 1, 2013; (2) were hired as table games dealers by the Casino following their completion of the dealer's school; and (3) actually worked as table game dealers at the Casino.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Equitable Tolling of the Statute of Limitations and for Conditional Certification under the FLSA and to Facilitate Identification and Notice to Similarly-Situated Employees should be denied.  Additionally, the Court should limit the class of potential plaintiffs in the state law action to those individuals who (1) completed the dealer's school held at Marley Station Mall from January 7 to April 1, 2013; (2) were hired as table games dealers by the Casino following their completion of the dealer's school; and (3) actually worked as table game dealers at the Casino.

Respectfully submitted,

/s /
Todd J. Horn, Bar No.06849
Lillian L. Reynolds, Bar No. 30225
Venable LLP
750 E. Pratt St., Suite 900
Baltimore, MD  21202
410.244.7400 (phone)
410.244.7742 (facsimile)
tjhorn@venable.com
llreynolds@venable.com

/s /
Robert G. Ames, Bar No. 03372
Venable LLP
575 7th St., NW
Washington, DC  20004

202.344.4000 (phone)
202.344.8300 (facsimile)
rgames@venable.com

Counsel for Defendant.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of July, 2016, a copy of the foregoing Defendant's Opposition to Plaintiffs' Motions for Conditional Certification and to Facilitate Identification and Notice to Similarly-Situated Employees, for Equitable Tolling of the Statute of Limitations and for Class Certification was sent via this Court's CM/ECF Delivery to the following:

>Benjamin L. Davis, III, Bar No. 29774
>George E. Swegman, Bar No. 19444
>The Law Offices of Peter T. Nicholl
>36 South Charles Street
>Suite 1700
>Baltimore, MD 21201
>bdavis@nichollaw.com
>gswegman@nichollaw.com

/s /
Lillian L. Reynolds