UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CLAUDIA HARBOURT,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 14-cv-3211 CCB |
| **PPE CASINO RESORTS MARYLAND, LLC,** | * | |
| | * | |
| Defendant. | | |
| | * | |
| | *** | |

## CLERK'S ORDER TAXING COSTS

On August 2, 2018, this Court entered final judgment in favor of Defendant PPE Casino Resorts Maryland, LLC and against Plaintiffs Claudia Harbourt, *et al*. ECF No. 66. Defendant filed a timely bill of costs on August 8, 2018. ECF No. 67. Plaintiffs filed a timely opposition to Defendant's bill of costs on August 21, 2018. ECF No. 68. Defendant filed a reply to Plaintiffs' opposition on August 23, 2018. ECF No. 69. For the following reasons, Defendant will be awarded costs in the amount of **$3,991.15.**

### Standard of Review

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(1). There is a presumption that the prevailing party will be awarded costs, *Wyne v. Medo Indus.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 446 (4th Cir. 1999)), and "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne*, 329 F. Supp. 2d at 586 (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice & Procedure* § 2668 at 232 (3d ed. 1998)).  However, not every litigation expense is recoverable under Rule 54(d); the costs that "may" be taxed are enumerated in 28 U.S.C. §§ 1920, 1921, and 1923.  *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989); *Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D. Md. 1968), *aff'd*, 415 F.2d 55 (4th Cir. 1969).  Taxation of costs is entrusted to the Clerk in the first instance, but the Clerk's discretion to award costs is limited.  In the exercise of this discretion, the Clerk may deny costs not permitted by statute, case law, or the Court's *Guidelines for Bills of Costs*, even if the opposing party has failed to make an objection.  *See U.S. District Court for the District of Maryland Guidelines for Bills of Costs* § I.A (2013) [hereinafter *Guidelines*].

## Analysis

Defendant seeks $3,991.15 in costs for deposition transcript expenses, as detailed in Defendant's memorandum in support of costs.  *See* ECF No. 67-1.  Plaintiffs object to costs in the amount of $1,303.50 for depositions not cited in Defendant's Motion for Summary Judgment as not reasonably necessary and non-taxable.  *See* ECF No. 68 at 2-3.  In reply, Defendant states that the costs should be taxed because they are expressly taxable under the *Guidelines*.  *See* ECF No. 69 at 1.

As the prevailing party, Defendant is entitled to the taxation of costs and may recover expenses associated with obtaining original and copies of deposition transcripts "necessarily incurred for use in the case."  *See* 28 U.S.C. § 1920(2).  Plaintiffs' contention that only depositions used in support of a dispositive motion may be taxed is misplaced.  Among the deposition transcripts taxable in this Court are (1) depositions of parties, (2) depositions used in support of a motion, and (3) depositions "reasonably necessary at the time of [their] taking." *See Guidelines* § II.D.1; *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th

Cir. 1987). Nevertheless, in this case, all the depositions for which Defendant seeks costs actually were used in support of a dispositive motion. See ECF No. 69 at 2-3. Therefore, costs for these deposition transcripts are expressly taxable under the *Guidelines* and will be awarded in the full amount of **$3,991.15**. *See Guidelines* § II.D.1.f; *see also Wyne*, 329 F. Supp. 2d at 589 (taxing "those depositions submitted in connection with the dispositive motion that terminated litigation . . . because they were reasonably necessary at the time of their taking and were submitted in connection with the event which terminated the litigation").

## Conclusion

Accordingly, the costs are hereby taxed in favor of Defendant PPE Casino Resorts Maryland, LLC and against Plaintiffs Claudia Harbourt, *et al*. in the amount of **$3,991.15** and included in the judgment.

FELICIA C. CANNON, CLERK

By:       /s/
David E. Ciambruschini, Deputy Clerk

Dated this 22nd day of March, 2019.